Peter A. Romero (PR-1658)
FRANK & ASSOCIATES, P.C.
500 Bi-County Blvd., 112N
Farmingdale, New York 11735
Tel. (631) 756-0400
Fax (631) 756-0547
promero@laborlaws.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
RENE GARCIA GRANILLO, on behalf of
himself and similarly situated employees,

                Plaintiffs,

-against-

BELCO PIPE RESTORATION, ELM GENERAL
CONSTRUCTION CORP., JOHN KELLY,
and JOSEPH PROVENZANO,

                Defendants.
----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y

★ FEB 06 2013 ★

LONG ISLAND OFFICE

SUMMONS ISSUED

CV - 13 0685

**COLLECTIVE AND
CLASS ACTION
COMPLAINT**

**Jury Trial Demanded**

BIANCO, J.

WALL, M.J.

Plaintiff, RENE GARCIA GRANILLO, by and through his attorneys, Frank & Associates, P.C., complaining of the Defendants BELCO PIPE RESTORATION, ELM GENERAL CONSTRUCTION CORP., JOHN KELLY, and JOSEPH PROVENZANO, respectfully alleges as follows:

### NATURE OF THE CLAIM

1.     This action is brought on behalf of Plaintiff and similarly situated employees who performed labor for the Defendants BELCO PIPE RESTORATION, ELM GENERAL CONSTRUCTION CORP., and their principal owners, JOHN KELLY and JOSEPH PROVENZANO, to recover unpaid overtime wages pursuant to statute, as

well as wages and benefits which plaintiffs and members of the putative class were contractually entitled to receive for work they performed on various public works projects in New York (the "Public Works Projects").

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), on behalf of himself and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. §216(b). Plaintiff also brings this action on behalf of himself and a class of similarly situated current and former non-exempt employees of defendants, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for unpaid overtime wages, under the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b).

6. At all times relevant, Defendant BELCO PIPE RESTORATION, operates a business located at 40 Austin Boulevard, Commack, New York 11725.

## THE PARTIES

7. Upon information and belief, Defendant BELCO PIPE RESTORATION is a domestic business corporation existing by virtue of and under the laws of the State of New York engaged in the pipe restoration business and is the leading pipe restoration company in the New York area.

8. BELCO is a covered employer within the meaning of the Fair Labor Standards Act and the New York Labor Law.

9. Upon information and belief, the defendant BELCO is engaged in a for profit business with gross revenue in excess of $500,000 per annum and is engaged in the production of goods for interstate commerce. Defendant, BELCO, is an "employer" subject to the jurisdiction of the FLSA.

10. Upon information and belief, Defendant ELM GENERAL CONSTRUCTION CORP. is a domestic business corporation existing by virtue of and under the laws of the State of New York with a principal place of business located at 10 Inwood Place, Melville, New York 11747.

11. Upon information and belief, Defendant JOHN KELLY is an owner of BELCO PIPE RESTORATION.

12. Upon information and belief, Defendant JOHN KELLY is a shareholder of BELCO PIPE RESTORATION.

13. Upon information and belief, Defendant JOHN KELLY is an officer of Defendant BELCO PIPE RESTORATION.

14. Upon information and belief, Defendant JOHN KELLY had authority to make payroll and personnel decisions for Defendant BELCO PIPE RESTORATION,

including the authority to hire and fire employees for Defendant BELCO PIPE RESTORATION.

15. Upon information and belief, Defendant JOHN KELLY is an owner of ELM GENERAL CONSTRUCTION CORP.

16. Upon information and belief, Defendant JOHN KELLY is a shareholder of ELM GENERAL CONSTRUCTION CORP.

17. Upon information and belief, Defendant JOHN KELLY is an officer of Defendant ELM GENERAL CONSTRUCTION CORP.

18. Upon information and belief, Defendant JOHN KELLY had authority to make payroll and personnel decisions for Defendant ELM GENERAL CONSTRUCTION CORP., including the authority to hire and fire employees for Defendant ELM GENERAL CONSTRUCTION CORP.

19. Upon information and belief, Defendant JOHN KELLY is an owner of BELCO PIPE RESTORATION.

20. Upon information and belief, Defendant JOHN KELLY is a shareholder of BELCO PIPE RESTORATION.

21. Upon information and belief, Defendant JOHN KELLY is an officer of Defendant BELCO PIPE RESTORATION.

22. Upon information and belief, Defendant JOHN KELLY had authority to make payroll and personnel decisions for Defendant BELCO PIPE RESTORATION, including the authority to hire and fire employees for Defendant BELCO PIPE RESTORATION.

23. Upon information and belief, Defendant JOSEPH PROVENZANO is an owner of ELM GENERAL CONSTRUCTION CORP.

24. Upon information and belief, Defendant JOSEPH PROVENZANO is a shareholder of ELM GENERAL CONSTRUCTION CORP.

25. Upon information and belief, Defendant JOSEPH PROVENZANO is an officer of Defendant ELM GENERAL CONSTRUCTION CORP.

26. Upon information and belief, Defendant JOSEPH PROVENZANO had authority to make payroll and personnel decisions for Defendant ELM GENERAL CONSTRUCTION CORP, including the authority to hire and fire employees for Defendant ELM GENERAL CONSTRUCTION CORP.

27. Plaintiff RENE GARCIA GRANILLO resides in the County of Suffolk and the State of New York.

28. Plaintiff, RENE GARCIA GRANILLO, began his employment with Defendants as a full time laborer, in or about, March, 2008. Plaintiff's employment with Defendants terminated in November 2012.

## FACTS

29. Plaintiff RENE GARCIA GRANILLO worked as a pipe restoration workman and performed non-exempt duties for Defendants from approximately 2008 until November 9, 2012.

30. Defendants paid Plaintiff on an hourly basis with payroll checks issued by ELM GENERAL CONSTRUCTION CORP.

31. Throughout the course of his employment with Defendants, Plaintiff RENE GARCIA GRANILLO was not paid for any hours worked over forty (40) each week.

32. Throughout the course of his employment with Defendants, Plaintiff RENE GARCIA GRANILLO regularly worked in excess of forty (40) hours each week, but was not paid overtime at a rate of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) each week.

33. Consistent with Defendants' general policy and pattern or practice, Plaintiff RENE GARCIA GRANILLO and the other members of the FLSA Collective and the Rule 23 Class ("Class Members") regularly worked in excess of 40 hours per week without being paid overtime wages.

34. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and the New York Labor Law with respect to Plaintiff and the Class Members. This policy and pattern or practice includes but is not limited to

   (a) willfully failing to record all of the time that employees, including Plaintiff and the Class Members, have worked for the benefit of Defendants; and

   (b) willfully failing to pay employees, including Plaintiff and the Class Members overtime wages for hours that they worked in excess of 40 hours per week.

35. Defendants are aware or should have been aware that state and federal law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty per week.

36. Defendants' failure to pay Plaintiff and Class Members overtime wages for their work in excess of 40 hours per week was willful.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff brings FLSA claims on behalf of himself and all similarly situated persons who work or have worked for Defendants as laborers any time within the three (3) years of the date of the notice of this lawsuit (the "FLSA Collective Action").

38. At all relevant times, Plaintiffs RENE GARCIA GRANILLO and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay at a rate of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) each week.

39. Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiffs. There are many similarly situated current and former employees who worked for Defendants and were underpaid in violation of the FLSA.

40. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.

## CLASS ACTION ALLEGATIONS

41. Plaintiff also brings New York Labor Law claims on behalf of himself and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of all

persons who work or have worked for Defendants as laborers from February 2007 to February, 2013 (the "Rule 23 Class").

42. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable.

43. The Rule 23 Class Members are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

44. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

45. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

(a) whether Defendants have failed to keep true and accurate time records for all hours worked by Plaintiff and the Rule 23 Class;

(b) what proof of hours worked is sufficient when an employer fails in its duty to maintain true and accurate time records;

(c) whether records made by Plaintiff and similarly situated employees of the hours worked each week are conclusive;

(d) what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of overtime wages;

(e) did Defendants fail and/or refuse to pay Plaintiff and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week within the meaning of New York

Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

  (f) what is the appropriate measure of damages for the class;

  (g) whether Defendants' general practice of failing and/or refusing to pay Plaintiff and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week was done willfully and/or with reckless disregard of the state wage and hour laws.

  46. The claims of the Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and the Rule 23 Class work or have worked for Defendants as laborers and have not been paid overtime wages for the hours that they have worked in excess of 40 hours per week. Defendants have acted and have refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

  47. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation for hours worked in excess of forty (40) hours each week.

  48. Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class.

  49. Plaintiffs have retained counsel competent and experienced in complex class actions and in labor and employment litigation.

50. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

51. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

## **PREVAILING WAGE**

52. The Plaintiff performed labor for Defendants for certain projects located in New York State which were public works improvement projects within the meaning of New York Labor Law. Defendants had one or more contracts with public entities which contracts required the payment of prevailing wages to their workers under New York Labor Law, and Defendants acted as the contractor or sub-contractor on one or more of such contracts.

53. Throughout his employment with Defendants, Plaintiff and all other employees similarly situated worked on prevailing wage projects but were not paid the prevailing wage rate, were misclassified and/or were paid less than what the wage schedules required.

54. Defendants had a duty to pay the employees working on those public works projects according to the terms delineated in the contract and failed to pay its employees according to the specified terms.

55. Upon information and belief, Defendants entered into a number of public works contracts which called for Defendants to perform pipe restoration work at various locations in New York (the "Public Works Contracts").

56. The Public Works Contracts included but are not limited to projects upon which Defendants performed work at East River Locations, Lincoln Center, Museum of Modern Art, and Brooklyn Bridge.

57. Article I, Section 17 of the New York Constitution and Section 220 of the New York Labor Law provide that the wages to be paid to laborers, workman and

mechanics upon public work shall not be less than the "prevailing rate of wages."

58. The prevailing rate of wage is the rate of wage paid in the locality by virtue of the collective bargaining agreements between bona fide labor organizations and employers of the private sector.

59. Section 220 of the New York Labor Law also requires that the laborers, workmen and mechanics upon such public work be provided "supplemental benefits" at the prevailing rate. Supplemental benefits are all forms of remuneration for employment paid in any medium other than cash, including but not limited to health, welfare and non-occupational disability insurance, retirement and vacation benefits, holiday pay and life insurance.

60. Upon information and belief, the schedule of prevailing rates of wages and supplements to be paid all workers furnishing labor on the sites of the Public Works was annexed to and formed a part of the Public Works Contracts.

61. Plaintiffs and other members of the putative class furnished labor to Defendants at the sites of the Public Works Projects in furtherance of Defendants' performance of the Public Works Contracts.

62. Defendants willfully paid plaintiffs and the other members of the putative class less than the prevailing rates of wages and supplemental benefits to which plaintiffs and the other members of the putative class were entitled.

## FIRST CLAIM FOR RELIEF
## PURSUANT TO THE FEDERAL FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 216(B)

63. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

64. The Plaintiffs bring this First Claim for Relief pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated persons who consent in writing to join this action pursuant to 29 U.S.C. § 216(b), and upon information and belief there are numerous such similarly situated persons.

65. Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, the plaintiffs were entitled to a minimum wage and an overtime hourly wage of time and one-half their regular hourly wage for all hours worked in excess of forty hours per week, plaintiffs worked more than 40 hours per week for the defendant, and defendant willfully failed to make said overtime wage payments.

66. The Plaintiff on behalf of himself and all other similarly situated persons who consent in writing to join this action, seeks, on this First Claim for Relief, a judgment for unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, the plaintiffs and such other similarly situated persons who consent in writing to join this action, and the plaintiffs also seeks an award of liquidated damages equal to 100% of such amount, attorney's fees, interest and costs as provided for by the FLSA.

## SECOND CLAIM FOR RELIEF
## TO RECOVER UNPAID OVERTIME WAGES
## UNDER NEW YORK STATE LABOR LAW

67. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

68. At all relevant times, Plaintiff was an employee and Defendants have been employers within the meaning of the New York Labor Law.

69. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to the Defendants.

70. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

71. The complete records concerning the number of hours worked by the Plaintiff as well as the compensation plaintiffs received in workweeks in which excess hours were worked are in the exclusive possession and control of the defendant, and as such, the plaintiffs are unable to state at this time the exact amount due and owing to them.

72. Defendants have failed to pay Plaintiff and the Rule 23 Class Members overtime wages to which they were entitled under the New York Labor Law.

73. By Defendants' failure to pay Plaintiff and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

74. Due to Defendants' violations of the New York Labor Law, Plaintiff and the Rule 23 Class Members are entitled to recover from defendant their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### BREACH OF CONTRACT ON BEHALF OF PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED AS THIRD PARTY BENEFICIARIES

75. Plaintiffs repeat and reallege each and every allegation previously set forth herein.

76. Defendants entered into contracts with one or more third parties to perform pipe restoration work for which the Plaintiff provided labor.

77. Defendants agreed as part of such contracts and/or as a matter of law were required to by such contracts to pay the Plaintiff a "prevailing wage" which was specified in such contracts or was incorporated by reference in such contracts.

78. Upon information and belief, the Public Works Contracts entered into by Defendants contained schedules of the prevailing rates of wages and supplemental benefits to be paid Plaintiff and the other members of the putative class.

79. Those prevailing rates of wages and supplemental benefits were made a part of the Public Works Contracts for the benefit of Plaintiff and the other members of the putative class.

80. The Plaintiff and the other members of the putative class were third-party beneficiaries of the contacts entered into by Defendants.

81. Defendants breached the Public Works Contracts in that they failed to pay Plaintiff and the other members of the putative class the prevailing wages for all labor

performed upon the Public Works, and that Plaintiff and the other members of the putative class did not receive the monies they were due as third-party beneficiaries of the contracts.

82. Defendants are liable to the Plaintiff and the other members of the putative class for damages based upon an accounting of the wages the Plaintiff and the other members of the putative class were paid and the wages they were entitled to be paid as third-party beneficiaries of the contracts.

83. Defendants entered into contracts with one or more third parties to perform pipe restoration work for which the Plaintiff and the other members of the putative class provided labor.

84. Defendants entered into the aforesaid contracts to perform the work which the plaintiffs provided labor for such defendant agreed as part of such contracts and/or as a matter of law were required to by such contracts to pay the plaintiffs a "prevailing wage" which was specified in such contracts or was incorporated by reference in such contracts.

85. Plaintiff and the other members of the putative class were third party beneficiaries of the aforesaid contracts.

86. Defendants are liable to plaintiffs for damages based upon an accounting of the amount of money the plaintiffs were paid and the amount of money they should have been paid as a third party beneficiaries of such contracts, together with an award of interest, costs, disbursements, attorneys' fees, liquidated damages, and such other relief as the Court deems proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii) Certification of this case as a collective action under 29 U.S.C. §216(b) and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(iii) Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

(iv) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(v) Unpaid overtime pay pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(vi) Unpaid prevailing wages and supplemental benefits;

(vii) All attorneys' fees and costs incurred in prosecuting these claims; and

(viii) Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: Farmingdale, New York
January 31, 2013

                                                    **FRANK & ASSOCIATES, P.C.**

By: _____
Peter A. Romero (PR-1658)
500 Bi-County Blvd., 112N
Farmingdale, New York 11735
Tel. (631) 756-0400
Fax (631) 756-0547
promero@laborlaws.com

*Attorneys for Plaintiffs*