UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
RENE GARCIA GRANILLO, on behalf of himself
and similarly situated employees,

                Plaintiffs,

      -against-

BELCO PIPE RESTORATION, ELM GENERAL
CONSTRUCTION CORP., JOHN KELLY,
and JOSEPH PROVENZANO

                Defendants.
-------------------------------------------------------------------------X

Case No. 13 Civ. 0685

**ANSWER and**
**AFFIRMATIVE DEFENSES**

Defendants BELCO PIPE RESTORATION, (hereafter, "Belco"); ELM GENERAL CONSTRUCTION CORP. (hereafter, "Elm"); JOHN KELLY (hereafter, "Kelly") and JOSEPH PROVENZANO (hereafter, "Provenzano") (collectively, the "Answering Defendants") by their attorneys, Hankin & Mazel, PLLC, answer the Complaint of Plaintiffs as follows:

## AS TO NATURE OF THE CLAIM

1. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint contains legal conclusions only and therefore does not require a response.

## AS TO JURISDICTION AND VENUE

3. Paragraph 3 of the complaint contains a legal conclusion only and therefore does not require a response.

4. Paragraph 4 of the complaint contains a legal conclusion only and therefore does not require a response.

5. Paragraph 5 of the complaint contains a legal conclusion only and therefore does not

1

require a response.

6. Belco admits the allegation contained in paragraph 6 of the Complaint.

## AS TO THE PARTIES

7. Belco admits the allegations contained in paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint contains a legal conclusion only and therefore does not require a response.

9. Paragraph 9 of the Complaint contains legal conclusions only and therefore does not require a response. To the extent that a response is required, Belco denies that it is engaged in the production of goods for interstate commerce or that it has gross revenue in excess of $500,000.

10. Elm admits the allegation contained in paragraph 10 of the Complaint.

11. Kelly admits the allegation contained in paragraph 11 of the Complaint.

12.  Kelly admits the allegation contained in paragraph 12 of the Complaint.

13. Kelly admits the allegations contained in paragraph 13 of the Complaint.

14. Kelly admits the allegation contained in paragraph 14 of the Complaint.

15. Kelly admits the allegation contained in paragraph 15 of the Complaint.

16. Kelly admits the allegation contained in paragraph 16 of the Complaint.

17. Kelly admits the allegation contained in paragraph 17 of the Complaint.

18. Kelly denies the allegations contained in Paragraph 18 of the Complaint.

19. Kelly admits the allegation contained in paragraph 19 of the Complaint.

20. Kelly admits the allegation contained in paragraph 20 of the Complaint.

21. Kelly admits the allegation contained in paragraph 21 of the Complaint.

22. Kelly denies the allegations contained in paragraph 22 of the Complaint.

23. Provenzano denies the allegations contained in paragraph 23 of the Complaint.

24. Provenzano denies the allegations contained in paragraph 24 of the Complaint.

25. Provenzano denies the allegations contained in paragraph 25 of the Complaint.

26. Provenzano admits the allegations contained in paragraph 26 of the Complaint.

27. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint.

28. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint.

## AS TO THE FACTS

29. Paragraph 29 of the Complaint contains legal conclusions and therefore a response is not required. To the extent that a response is required, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint.

30. Elm admits the allegations contained in paragraph 30 of the Complaint.

31. The Answering Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. The Answering Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. The Answering Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. The Answering Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint states a legal conclusion only and therefore no response is required. To the extent that a response is required, the Answering Defendants deny the

allegations contained in paragraph 35 of the Complaint.

36. Paragraph 35 of the Complaint states a legal conclusion only and therefore no response is required. To the extent that a response is required, the Answering Defendants deny the allegations contained in paragraph 36 of the Complaint.

## AS TO THE COLLECTIVE ACTION ALLEGATIONS

37. Paragraph 37 of the Complaint contains legal conclusions only and therefore does not require a response. To the extent that a response is required, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint contains legal conclusions only and therefore does not require a response. To the extent that a response is required, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint contains legal conclusions only and therefore does not require a response. To the extent that a response is required, the Answering Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint contains legal conclusions only and therefore does not require a response.

## AS TO CLASS ACTION ALLEGATIONS

41. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Complaint.

42. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Complaint.

43. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint contains legal conclusions only and therefore no response is required. To the extent that a response is required, the Answering Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint contains legal conclusions only and therefore no response is required. To the extent that a response is required, the Answering Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint contains legal conclusions only and therefore no response is required. To the extent that a response is required, the Answering Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint contains legal conclusions only and therefore no response is required. To the extent that a response is required, the Answering Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint contains legal conclusions only and therefore no response is required To the extent that a response is required, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 48 of the Complaint.

49. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint contains legal conclusions only and therefore no response is required. To the extent that a response is required, the Answering Defendants deny the allegations set forth in paragraph 50 of the Complaint.

51. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 51 of the Complaint.

## AS TO PREVAILING WAGE

52. Paragraph 52 of the Complaint contains legal conclusions only and therefore no response is required.

53. Paragraph 52 of the Complaint contains legal conclusions only and therefore no response is required. To the extent a response is required, the Answering Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint contains legal conclusions only and therefore no response is required. To the extent that a response is required, the Answering Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 55 of the Complaint.

56. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint contains legal conclusions only and therefore no response is required.

58. Paragraph 58 of the Complaint contains legal conclusions only and therefore no response is required.

59. Paragraph 59 of the Complaint contains legal conclusions only and therefore no response is required.

60. Paragraph 60 of the Complaint contains legal conclusions only and therefore no response is required. To the extent that a response is required, the Answering Defendants deny knowledge

or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 60 of the Complaint.

61. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 61 of the Complaint.

62. The Answering Defendants deny the allegations contained in paragraph 62 of the Complaint.

## AS TO FIRST CLAIM FOR RELIEF

63. The Answering Defendants allege and incorporate by reference all denials and admissions in all preceding paragraphs.

64. Paragraph 64 of the Complaint contains legal conclusions only and therefore no response is required. To the extent that a response is required, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint contains legal conclusions only and therefore no response is required. To the extent that a response is required, the Answering Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Paragraph 66 of the complaint contains a prayer for relief only and therefore no response is required.

## AS TO SECOND CLAIM FOR RELIEF

67. The Answering Defendants allege and incorporate by reference all denials and admissions in all preceding paragraphs.

68. Paragraph 68 of the Complaint contains legal conclusions only and therefore no response is required.

69. Paragraph 69 of the Complaint contains legal conclusions only and therefore no response is required.

70. The Answering Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 71 of the Complaint.

72. The Answering Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. The Answering Defendants deny the allegations contained in paragraph 73 of the complaint.

74. Paragraph 74 of the Complaint contains legal conclusions only and therefore no response is required. To the extent that a response is required, the Answering Defendants deny the allegations contained in paragraph 74 of the Complaint.

## AS TO THIRD CLAIM FOR RELIEF

75. The Answering Defendants allege and incorporate by reference all denials and admissions in all preceding paragraphs.

76. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 76 of the Complaint.

77. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 77 of the Complaint.

78. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 78 of the Complaint.

79. The Answering Defendants deny knowledge or information sufficient to form a belief as

to the truth or falsity of the allegations contained in paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint contains legal conclusions only and therefore no response is required. To the extent that a response is required, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 80 of the Complaint.

81. The Answering Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Paragraph 81 of the Complaint contains legal conclusions only and therefore no response is required. To the extent that a response is required, the Answering Defendants deny the allegations contained in paragraph 82 of the Complaint.

83. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 83 of the Complaint.

84. Paragraph 84 of the Complaint contains legal conclusions only and therefore no response is required. To the extent that a response is required, the Answering Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. Paragraph 85 of the Complaint contains legal conclusions only and therefore no response is required. To the extent that a response is required, the Answering Defendants deny the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 84 of the Complaint.

86. Paragraph 85 of the Complaint contains legal conclusions only and therefore no response is required. To the extent that a response is required, the Answering Defendants deny the allegations contained in paragraph 86 of the Complaint.

**AFFIRMATIVE DEFENSES**

Answering Defendants assert the following affirmative and other defenses without assuming and burden of production or proof that they would not otherwise have:

1. Plaintiffs' complaint fails to state a claim against the Answering Defendants upon which relief can be granted.

2. Defendants, JOHN KELLY and JOSEPH PROVENZANO never employed or jointly employed Plaintiffs.

3. Plaintiffs' claims are barred, in whole or in part, by the applicable limitations periods.

4. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches, estoppels and waiver.

5. Any wages paid to plaintiffs by ELM GENERAL CONSTRUCTION CORP. complied with all applicable laws.

6. Upon information and belief, plaintiff was a "service employee" as that term is defined in the applicable statutes.

7. The Answering Defendants are not and were not "enterprises engaged in interstate commerce" as that term is defined pursuant to the Fair Labor Standards Act.

8. Defendant BELCO PIPE RESTORATION does not have gross revenue in excess of $500,000 and is thus exempt from any liability under the Fair Labor Standards Act.

9. The Answering Defendants reserve the right to amend their Answer to raise additional affirmative defenses or pursue any available counterclaims against plaintiff as those claims become known during the litigation.

WHEREFORE, defendants BELCO PIPE RESTORATION; ELM GENERAL CONSTRUCTION CORP.; JOHN KELLY and JOSEPH PROVENZANO respectfully request

the following:

1. That the Court dismiss the Complaint in these proceedings, with prejudice;

2. That the Court grant defendants their fees and expenses, including reasonable attorney's fees; and

3. That the Court grant such other and further relief as the Court deems just and proper.

Dated: Great Neck, New York
April 12, 2013

Yours, etc.

HANKIN & MAZEL, PLLC


Yours etc.,

s/ Noe Solorzano
NOE SOLORZANO, ESQ. (NS9544)
HANKIN & MAZEL, P.L.L.C.
Attorneys for Defendants,
Belco Pipe Restoration, Elm General
Construction Corp., John Kelly, and
Joseph Provenzano
60 Cutter Mill Road, Suite 505
Great Neck, New York 11021
T: (212) 349-1668
F: (516)482-1143
nsolorzano@hankinmazel.com

**Case No. 13 Civ. 0685**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

**RENE GARCIA GRANILLO, on behalf of himself
and similarly situated employees,**                                              :

        **Plaintiffs,**

   -against-

**BELCO PIPE RESTORATION, ELM GENERAL
CONSTRUCTION CORP., JOHN KELLY,
and JOSEPH PROVENZANO**

**Defendants.**

---

### ANSWER AND AFFIRMATIVE DEFENSES

HANKIN & MAZEL, PLLC
Attorneys for Defendants,
Belco Pipe Restoration, Elm General
Construction Corp., John Kelly, and
Joseph Provenzano
60 Cutter Mill Road
Great Neck, NY 11021
P: (212)349-1668
F: (516) 482-1143

---

TO:

    Peter A. Romero, Esq.
    Frank & Associates, P.C.
    500 Bi-County Blvd., Suite 112N
    Farmingdale, NY 11735