UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

RENE GARCIA GRANILLO,

    Plaintiff,

    – against –

BELCO PIPE RESTORATION, ELM GENERAL
CONSTRUCTION CORP., JOHN KELLY, and
JOSEPH PROVENZANO,

    Defendants.

----------------------------------X

ORDER
13-CV-685 (JFB)(WDW)

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation from Magistrate Judge Wall recommending that the Court strike the answer and enter a default judgment against defendants for their failure to cooperate with discovery and to comply with orders of the Court.

Judge Wall issued a scheduling order governing discovery on June 5, 2013. (Docket No. 13.) On December 12, 2013, plaintiff moved to compel defendants to respond to discovery demands served in August 2013. (Docket No. 14.) Defendants did not oppose, and Judge Wall granted the motion on the merits and as unopposed on January 7, 2014. (Docket No. 15.) Defendants were directed to comply with all outstanding discovery by January 17, 2014. On January 21, 2014, plaintiffs moved for sanctions for defendants' failure to comply. (Docket No. 16.) Defendants failed to oppose as directed by January 29, 2014. (*See* Electronic Order of 01/23/14.) In an order rescheduling the hearing on the motion for sanctions due to inclement weather, Judge Wall warned defendants that their failure to appear at the hearing could result in the issuance of a report recommending that the answer be stricken and a default judgment entered against them. (*See*

Electronic Order of 02/04/14.) Defendants failed to appear. Consequently, on February 21, 2014, Judge Wall issued a Report and Recommendation (the "R&R") recommending that the Court strike defendants' answer and enter a default judgment in favor of the plaintiff based on defendants' failure to comply with the Court's Order pursuant to Rule 37(b)(2)(A)(iii–iv) of the Federal Rules of Civil Procedure. The R&R instructed defendant to submit any objection within fourteen days. Defendants did not file any objection. For the reasons set forth below, the Court adopts the R&R in its entirety and, thus, strikes the answer and orders that a default judgment be entered in the instant action in plaintiff's favor pursuant to Rule 37(b)(2).

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific, written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997).

Rule 37 of the Federal Rules of Civil Procedure provides that a court may impose sanctions "as are just" on a party that abuses the discovery process, such as failing to comply with a court order. Fed. R. Civ. P. 37(b). For instance, the court may issue an order "striking pleadings in whole or in part," "dismissing the action or proceeding in whole or in part," or "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A).

Sanctions under Rule 37 serve three purposes:

> First, they ensure that a party will not benefit from its own failure to

2

> comply. Second, they are specific deterrents and seek to obtain
> compliance with the particular order issued. Third, they are intended
> to serve a general deterrent effect on the case at hand and on other
> litigation, provided that the party against whom they are imposed was
> in some sense at fault.

*Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988). Courts possess "wide discretion" in imposing Rule 37 sanctions. *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991). However, the Second Circuit has imposed two limitations upon a district court's discretion in imposing sanctions: (1) "the sanctions must be 'just[,]'" and (2) "the sanction must relate to the particular claim to which the discovery order was addressed." *Id.* at 1366 (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694, 707 (1982)).

Moreover, the Second Circuit has emphasized that "[s]trong sanctions should be imposed only for severe violations of discovery orders," and that "[s]evere sanctions are justified . . . when the failure to comply with a court order is due to willfulness or bad faith, or is otherwise culpable." *Daval Steel Prods.*, 951 F.2d at 1365, 1367 (stating that "severe sanctions are appropriate" when a party has sought to frustrate the discovery process by withholding essential facts); *see also Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) ("The sanction of dismissal should not be imposed under Rule 37 unless the failure to comply with a pretrial production order is due to 'willfulness, bad faith, or any fault' of the deponent.") (quoting *Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers*, 357 U.S. 197, 212 (1958)). However, lesser sanctions do not necessarily require a finding of bad faith or willfulness. *See, e.g., In re Fernandez*, Bankr. No. 06 Civ. 20296, 2008 WL 268975, at *5 (Bankr. D. Conn. Jan. 29, 2008) ("Willfulness is not a precondition for the imposition of Rule 37 sanctions, but may be a consideration in a court's exercise of its discretion to enter judgment against the offending party, widely considered the

3

harshest of sanctions."); *Fleming v. Deaconess Hospital*, No. 02 Civ. 934C (SC), 2004 WL 2011474, at *2 n.1 (W.D.N.Y. Sept. 9, 2004) ("A finding of willfulness is not necessary to impose sanctions under Rule 37; willfulness is relevant only to the extent of the selection of the sanction, if any, to be imposed.") (citing *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 n.8 (2d Cir. 1979)).

In exercising its discretion, the court should consider a number of factors, including: "(1) the duration of the [disobedient party's] failures, (2) whether [the disobedient party] had received notice that further delays would result in dismissal, (3) whether the [opposing party] is likely to be prejudiced by further delay, (4) whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and (5) whether the judge has adequately assessed the efficacy of lesser sanctions."[1] *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *accord Ferran v. Office of District Attorney of Cnty. of Rensselaer*, No. 05 Civ. 2978, 2008 U.S. App. LEXIS 840, at *3 (2d Cir. Jan. 15, 2008).

Under the circumstances, the above-referenced factors favor an entry of default judgment against defendants in the instant case. First, the failure to comply occurred over several weeks and involved failing to comply with a discovery order, failure to file any opposition to the motion for sanctions, and a failure to appear at the hearing for sanctions. Second, Judge Wall specifically instructed defendants to comply with discovery requests and to submit documents to the Court.

---

[1] Although these factors are utilized for dismissals under Rule 41 of the Federal Rules of Civil Procedure, they are also instructive in the Rule 37 framework. *See, e.g., Nieves v. City of New York*, 208 F.R.D. 531, 535 n.3 (S.D.N.Y. 2002) ("The Rule 37 factors are similar to the factors a court considers when determining whether involuntary dismissal is warranted under Federal Rule of Civil Procedure 41(b).") (citing *Martin v. Metropolitan Museum of Art*, 158 F.R.D. 289, 292 (S.D.N.Y. 1994)).

Nevertheless, defendants failed to comply with these orders, appear for conferences, or otherwise communicate with Judge Wall or this Court in any manner regarding those failures. Thus, the Court concludes that defendants' failures to comply were willful. Further, Judge Wall specifically advised defendants that failure to appear at the hearing on the motion for sanctions could result in the striking of its answer and the entry of a default judgment. No sanction less than an entry of default will alleviate the prejudice to plaintiff of defendants' willful failure to comply with discovery and appear as required by the Court, so that the plaintiff may proceed with the action. Finally, the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases. Therefore, striking the answer and entering a default judgment for failure to comply with discovery and Judge Wall's orders clearly is warranted.

Thus, having conducted a review of the full record and the applicable law, and having reviewed the R&R for clear error,[2] the Court adopts the findings and recommendations contained in the R&R in their entirety. Accordingly, the Court strikes the answer and orders that a judgment by default is hereby entered in favor of plaintiff Rene Garcia Granillo as against defendants Belco Pipe Restoration, Elm General Construction Corp., John Kelly, and Joseph Provenzano pursuant to Rule 37(b) of the Federal Rules of Civil Procedure for failure to comply with discovery and orders of the Court.

To the extent, however, that plaintiff seeks damages and other relief, plaintiff must submit additional evidence. To obtain damages related to a default judgment, "a plaintiff must present admissible evidentiary proof of his alleged damages, unless the claimed amount is liquidated or

---

[2]The Court would reach the same conclusion under a *de novo* standard of review.

susceptible to mathematical calculation." *In re Suprema Specialties, Inc.*, 330 B.R. 40, 54-55 (S.D.N.Y. 2005) (citing *SEC v. Mgmt. Dynamics*, 515 F.2d 801, 814 (2d Cir. 1975) ("[U]nless the amount of damages are absolutely certain, the court is required to make an independent determination of the sum to be awarded.")). Rule 55(b)(2) permits a court to conduct a hearing "as it deems necessary and proper" to calculate damages, "vesting considerable discretion in the court to establish the procedures appropriate to the particular case." *Id.* at 55. However, a hearing is not necessary "as long as [the court] ensure[s] that there [is] a basis for the damages specified in a default judgment." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

Accordingly, because there is no evidence of damages before the Court at this juncture, the Court refers this matter to Magistrate Judge Wall for a Report and Recommendation to address the issue of damages and other relief sought by plaintiff. Plaintiff is ordered to serve a copy of this Order and the Report and Recommendation on defendants.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: March 10, 2014
Central Islip, New York

6